Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/03/2017 09:14 AM CDT

- 496 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
297 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. FRAIZER
Cite as 297 Neb. 496

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator,
v. THEODORE D. FRAIZER, respondent.

___ N.W.2d ___

Filed August 11, 2017.    No. S-17-432.

Original action. Judgment of public reprimand.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the conditional admission filed by Theodore D. Fraizer, respondent, on May 25, 2017. The court accepts respondent's conditional admission and enters an order of public reprimand.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 12, 1979. At all relevant times, he was engaged in the practice of law in Lincoln, Nebraska.

On April 25, 2017, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consist of one count against respondent arising from his appointment as successor trustee of a trust created from the assets of the estate of Martin Buschkamp. The formal charges state that on May 3, 2006, Martin Buschkamp died. Respondent filed an estate

- 497 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. FRAIZER
Cite as 297 Neb. 496

proceeding in the county court for Lancaster County, Nebraska, on May 12. The Buschkamp estate was closed in May 2009, and the remaining assets were transferred to the Martin Buschkamp Trust ("Buschkamp Trust"). In August 2013, respondent accepted an appointment as successor trustee of the Buschkamp Trust.

At some point, a beneficiary of the Buschkamp Trust filed a grievance against respondent with the Council for Discipline alleging that respondent failed to timely conclude all matters related to the Buschkamp Trust and failed to make a timely distribution of its remaining assets. In his response to the grievance, respondent acknowledged that he had not been diligent in finalizing the Buschkamp Trust matters, and he stated, "[The beneficiary] is correct that I have let the remaining aspects of the matter linger too long. . . ." He stated that he would be responsible for any interest or penalties.

Respondent ultimately completed the matters related to the Buschkamp estate and the Buschkamp Trust. All funds were distributed to the beneficiaries.

The formal charges allege that by his actions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.3 (diligence) and 3-508.4 (misconduct).

On May 25, 2017, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and professional conduct rules §§ 3-501.3 and 3-508.4(a). In the conditional admission, respondent knowingly does not challenge or contest the truth of the matters conditionally asserted and waived all proceedings against him in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate and consistent with

- 498 -

Nebraska Supreme Court Advance Sheets
297 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. FRAIZER
Cite as 297 Neb. 496

sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.3 and 3-508.4 and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

- 499 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
297 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. FRAIZER
Cite as 297 Neb. 496

## CONCLUSION

Respondent is publically reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.